UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUE BELL

CIVIL ACTION

VERSUS

NO. 11-332-JJB-SCR

HERCULES LIFTBOAT COMPANY, LLC

## RULING ON DEFENDANT'S MOTION TO STAY

This matter is before the Court on Defendant's Motion (doc. 5) to Stay. Plaintiff has filed an opposition (doc. 8) to which Defendant has replied (doc. 11). The Court's jurisdiction exists pursuant to 28 U.S.C. § 1332. Oral argument is not necessary. For the reasons stated herein, the Court DENIES Defendant's motion.

## Background

This case arises from the allegedly discriminatory termination of Plaintiff Sue Bell ("Bell") by her employer, Defendant Hercules Liftboat Co., LLC ("Hercules").

In November 2009, Bell, who had been employed by Hercules since 2007, was diagnosed with cancer. In early 2010, she went on a six-month disability leave. She returned to work in July 2010, but experienced ongoing medical difficulties related to her cancer treatment.

On January 26, 2011, Hercules terminated Bell. When Bell inquired into whether she was terminated for taking disability leave, a Hercules human resources representative stated that Hercules had simply been conducting a

company-wide review and that it had terminated multiple employees as a result. Later, Bell learned that she was the only employee in her division who was terminated. On April 25, 2011, Bell filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), and, three days later, she filed suit.

Plaintiff asserts that Defendant (1) discriminated against her due to her disability in violation of Louisiana Revised Statute § 23:303; (2) intentionally inflicted emotional distress upon her in violation of Louisiana Civil Code article 2315; and (3) withheld wages and bonus pay following her termination in violation of Louisiana Revised Statute § 23:631. Plaintiff also all asserts that Defendant retaliated against her, but did not specifically state whether she was seeking relief under Federal or state law.

On June 10, 2011, Defendant filed a Motion (doc. 5) to Stay the Plaintiff's action. Defendant asserts that Plaintiff's retaliation claim is governed exclusively by the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq. ("ADA"), which requires a Plaintiff to exhaust his or her administrative remedies prior to filing suit. Because Plaintiff did not do so, Defendant asserts that the Court should enter a stay until such time.

On June 17, 2011, Plaintiff filed an opposition. Plaintiff asserts that the Court should not issue a stay until she exhausts her administrative remedies because (1) her retaliation claim was in filed pursuant to the Louisiana Whistleblower Act Louisiana Revised Statute § 23:967 ("LWA"); (2) the Court

may nonetheless exercise pendant jurisdiction over her retaliation claim; (3) Defendant is being investigated by and may have to pay penalties to the Securities Exchange Commission and may be unable to make Plaintiff whole at a later date; (4) Plaintiff's health is deteriorating and she requires a prompt resolution in order to pay her healthcare bills.

In its June 24, 2011 response, Defendant asserts that (1) Plaintiff has no claim for retaliation under the LWA; (2) the Court may not exercise pendant jurisdiction over her retaliation claim; and (3) Plaintiff's health or the possibility that she may be unable to recover her award were she to prevail at a later date are irrelevant to the resolution of the motion to stay.

**Discussion**

Plaintiff cites three reasons why Defendant's motion to stay should be denied. First, Plaintiff asserts that her retaliation claim arises under the LWA, not Federal law. Second, even if her retaliation claim arises under the ADA, Plaintiff asserts that this Court can exercise pendant jurisdiction over the claim. Third, Plaintiff asserts that her deteriorating health and the possibility that Hercules may become insolvent justify denying the motion to stay.

Defendant asserts that Plaintiff's retaliation claim does not arise under the LWA which prohibits an employer from retaliating against an employee for disclosing or objecting to an illegal workplace act by the employer. As such, Defendant asserts that Plaintiff's claim arises under the ADA, which prohibits an employer from retaliating against an employee solely for objecting to its

discriminatory practices. Defendant also asserts that the Court may not exercise pendant jurisdiction over her retaliation claim because Plaintiff is required to exhaust her administrative remedies before the Court can exercise subject matter jurisdiction over the claim. Finally, Defendant asserts that Plaintiff's health and its future solvency are irrelevant to the Court's resolution of the motion to stay.

Both Federal and Louisiana state law provide employees with causes of action for myriad forms of discrimination and retaliation by employers. The ADA prohibits employers from discriminating against an employee based on the employee's disability, 42 U.S.C. §§ 12101, et seq, or retaliating against the employee for objecting to discriminatory practices, 42 U.S.C. § 2000, et seq. Under the ADA, an employee alleging discrimination or retaliation must first file a charge with the EEOC, comply with the EEOC's investigation, and receive a Notice of Right to Sue prior to filing suit. *Pacheco v. Mineta*, 448 F. 3d 783, 788 n. 6 (5th Cir. 2006).

Louisiana law also prohibits an employer from discriminating against an employee on the basis of the employee's disability. La. Rev. Stat. § 23:303. Moreover, Louisiana law prohibits an employer from retaliating against an employee for disclosing, testifying as to, or objecting to a workplace conduct that is in violation of state law. La. Rev. Stat. § 23:967. However, under Louisiana an aggrieved employee need not file a charge with the EEOC or any other agency prior to filing suit against its employer for discrimination or retaliation. La. Rev.

Stat. § 23:1006(D); *Salard v. Lowe's Home Ctrs, Inc.*, 904 F. Supp. 569, 571-72 (W.D. La. 1995); *Coutcher v. La. Lottery Corp.*, 710 So. 2d 259, 259 (La. Ct. App. 1st Cir. 1997).

The Court finds that Defendant's motion to stay should be denied. First, Plaintiff, in her opposition, clarified that all of the causes of action cited in her complaint arise under Louisiana law, including her claims for discrimination and retaliation (doc. 1). Though the facts cited by Plaintiff might have also supported claims for discrimination and retaliation under Federal law, Plaintiff chose not to pursue that route, and the plaintiff is the "master to decide what law [s]he will rely on in pursuing [her] claims." *The Fair v. Kohler Die & Specialty Co.*, 228 U.S. 22, 25 (1913); *Aaron v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Second, though the facts supporting Plaintiff's retaliation claim under the LWA may well fail to state a claim upon which relief can be granted, Defendant cannot unilaterally convert Plaintiff's state claim into a federal claim on the grounds that Plaintiff will have better success—however benevolent its intentions may be. What's more, the Defendant overstates the weakness of Plaintiff's state retaliation claim; terminating Plaintiff for her disability would constitute a violation of Louisiana's anti-discrimination statutes, thus making the elements of her Federal and state retaliation claims nearly identical. *See* La. Rev. Stat. §§ 23:301, *et seq.* (making discrimination on the basis of disability illegal under Louisiana law). Finally, and perhaps most importantly, to the extent that Plaintiff's Federal and Louisiana retaliation claims arise out of the

same transaction or occurrence, Defendant will be protected against having to later litigate Plaintiff's potential federal claims by the doctrine of res judicata. *See Hugel v. S. E. La. Flood Protection Authority-E.*, 2011 WL 2342688, *3 (5th Cir. June 14, 2011).

## **CONCLUSION**

Accordingly, the Court hereby DENIES Defendant's Motion (doc. 5) to Stay.

Signed in Baton Rouge, Louisiana this 5th day of July, 2011.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**