UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


SUE BELL

CIVIL ACTION

VERSUS

NUMBER 11-332-JJB-SCR

HERCULES LIFTBOAT COMPANY,
L.L.C.

**RULING ON MOTION TO COMPEL**

Before the court is a Motion to Compel filed by the plaintiff Sue Bell. Record document number 31. The motion is opposed.[1]

The subject of this discovery dispute is the Plaintiff's First Interrogatories and Request for Production served on July 11, 2011.[2] The discovery requests at issue are Interrogatory Numbers 1, 2, 4-6, and 8, and Requests for Production Numbers 12, 14, 15, 17 and 18. In addition to these discovery requests the parties dispute the need for a protective order with regard to Interrogatory Number 2, and Request for Production Numbers 14, 15, 17 and 18. The issues raised by the plaintiff's motion are resolved as follows:

**Interrogatory Number 1**

In this interrogatory the plaintiff requested certain information about all the individuals named in the plaintiff's petition. Plaintiff complained that the petition listed Tim Reed

---

[1] Record document number 33. Plaintiff and defendant also filed reply memoranda. Record document numbers 44-1 and 50.

[2] Record document number 31-2.

as a person with knowledge, but his address and telephone number were not provided in the answer to the interrogatory. Defendant responded that Tim Reed was not listed in the petition. A review of the petition shows that Tim Reed was named in paragraph 49. Thus, the defendant is required to supplement its answer with the contact information for Tim Reed.[3]

**Interrogatory Number 4**

Defendant objected that this question was vague, unclear, confusing and unintelligible. Review of this interrogatory shows that the defendant's argument has merit.[4] This question is unclear and confusing. In her motion the plaintiff attempted to clarify the information she is seeking, but her attempt is unsuccessful.[5] The interrogatory is too confusing to require the defendants to answer it.

**Interrogatory Numbers 5 and 6**

In these interrogatories the plaintiff asked the defendant to provide any and all information relating to allegations or

---

[3] In the plaintiff's letter summarizing the deficiencies in the defendant's discovery responses the plaintiff did not object that the defendant failed to provide all of the information listed in the interrogatory. Plaintiff only stated that Reed's address and telephone number were not provided in the answer. Therefore, the defendant is only required to supplement with contact information and not all of the information listed in the interrogatory.

[4] Record document number 33-1, p. 8; record document number 33-3, p. 1.

[5] Record document number 31-4, p. 3.

2

complaints of discrimination or harassment which may have been in whole or in part attributable to the defendant before or after the allegations that are the subject of this lawsuit. Plaintiff also asked the defendant to identify and describe in detail all lawsuits now pending or previously settled/adjudicated in the past 10 years in which the defendant or Hercules Offshore Inc. was a party and involved harassment, discrimination and retaliation. Defendant responded to both interrogatories by objecting that they were unduly burdensome, overly broad and not calculated to lead to the discovery of admissible evidence. Subject to this objection the defendant answered both interrogatories by stating "to the extent the interrogatory seeks information relating to complaints of discrimination similar to those asserted by plaintiff in this matter for the past three years, none."

The interrogatories as written are plainly overly broad. Interrogatory number 5 is not limited to the types of discrimination alleged by the plaintiff and has no time limitation at all. Interrogatory number 6 is limited to a 10 year time frame, but is not limited to the type of discrimination alleged in this suit. Defendant's answer covered a period of three years and complaints of discrimination similar to those asserted by the plaintiff. With these limitations the defendant stated that there were no complaints or suits. Defendant's response covered a reasonable time period and it will not be required to supplement

3

its answers to these two interrogatories.

**Interrogatory Number 8**

This interrogatory requested the defendant describe the investigation and findings of any investigation into the discrimination/harassment claims of the plaintiff. Subject to some objections the defendant responded by stating that the plaintiff did not complain about discrimination or harassment at any point prior to her termination. Plaintiff claimed that this answer was "incorrect" and supported this by attaching a July 21, 2010 memorandum in which the plaintiff complained to Mary Coffelt about her evaluation by Byron Allemand. Defendant maintained that this document was not a complaint about discrimination/harassment.

The July 21 document supplied by the plaintiff does not support her argument that the defendant incorrectly answered this interrogatory. There is nothing in the document from which one could reasonably conclude that the plaintiff was complaining to Coffelt about discrimination or harassment. There is no basis to order the defendant to supplement its answer to Interrogatory Number 8.

**Request for Production Number 12**

Plaintiff requested the defendant produce the personnel files of the individuals identified in Interrogatory Number 1. Plaintiff contended that the defendant did not support its objection that the request was unreasonably cumulative or duplicative, or that the

4

burden/expense of the production outweighed its likely benefit.[6] In its response to the motion, the defendant argued that the plaintiff is seeking the personnel records of eight present and former employees who are not parties to this case without any showing that they are similarly situated to her, or were treated more favorably than her on the basis of any alleged disability. Thus, the records sought are irrelevant and do not have to be provided to the plaintiff.[7]

Defendant's relevancy objection is well-founded. In her motion the plaintiff failed to explain how information in the personnel records of the identified employees could possibly contain information relevant to proving any claims or defenses. Plaintiff did not assert or argue that these individuals were similarly situated to her and/or received more favorable treatment on the basis of disability. Nor did the plaintiff articulate any basis to find that the personnel files of these employees would likely contain information about any retaliation or failure to accommodate her disability.[8] Therefore, there is no basis for the court to require the production of these personnel records.

---

[6] Defendant objected on grounds that the request was overly broad, irrelevant and a violation of privacy interests.

[7] Record document number 33, Defendant's Opposition Memorandum, pp. 5-6.

[8] Record document number 31-3, p.3

5

**Request for Production Numbers 14, 15, 17 and 18**

With regard to these requests for production of documents, the defendant essentially maintained that it would not produce any responsive documents until a protective order was issued to ensure the confidentiality of the documents. Plaintiff would not agree to the protective order proposed by the defendant, claiming that the proposed order was too restrictive given the ongoing investigation of Hercules Liftboat Company.[9] The documents that the defendant states it will only produce upon execution of a protective order are a September 2010 internal report (R&M Review of GOM Liftboats), a list of employees terminated in the reduction in force, copies of the defendant's employment policies related to evaluations, transfers, light duty assignments and promotions, and discrimination and harassment policies related to the plaintiff's claims.[10]

Defendant did not dispute that the requested documents are relevant, but rather refused to provide them to the plaintiff before the entry of a protective order. Under Rule 26, Fed.R.Civ.P. the burden is on the party seeking the protective order, here the defendant, to establish that there is good cause to issues the requested order. Yet, the defendant has never filed a motion for a protective order, and did not file one even when it

---

[9] Record document number 31-4.

[10] *See*, defendant's response to plaintiff's Request for Production Numbers 6, 14, 15, 17 and 18, record document number 31-3, pp. 12, 14 and 15; record document number 33-3, p. 2.

6

was clear that the plaintiff would not agree to the protective order proposed by the defendant on September 14, 2011. Rule 26 does not permit the defendant to shift the burden of showing cause for entry of the protective order to the plaintiff. Moreover, it would be anomalous to do so in the circumstances of this case since clearly the plaintiff does not agree with the scope of the protection sought by the defendant. Consequently, the defendant has failed to satisfy its burden under Rule 26. Therefore, the defendant is required to produce the withheld documents without a protective order.

**Award of Expenses**

Under Rule 37(a)(5) if a motion for discovery is granted in part and denied in part, the court may apportion the reasonable expenses for the motion. Since the plaintiff only prevailed on approximately one-half of the relief sought in this motion, each side should bear its own costs.[11]

Accordingly, the Motion to Compel filed by the plaintiff Sue Bell is granted in part and denied in part. Within 7 days the defendant shall provide to the plaintiff, without objections, a supplemental answer to Interrogatory Number 1, and produce for inspection and copying the responsive documents it has withheld on

---

[11] Defendant's argument that the plaintiff did not make a good faith attempt to resolve the discovery dispute before filing her motion is unpersuasive. It was apparent that after the defendant sent an email response to the plaintiff on October 21, 2011 the parties has reached an impasse in the dispute over the need for and /or content of a protective order. Record document number 33-3.

7

the basis that they are confidential and/or proprietary, including the list of terminated employees, the September 2010 internal report, and the defendant's employment, discrimination/harassment policies.

Each party shall bear its own costs incurred in connection with this motion.

Baton Rouge, Louisiana, December 8, 2011.

*signature: Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

8

Case 3:11-cv-00332-JJB -SCR   Document 53   12/09/11   Page 8 of 8