UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUE BELL

CIVIL ACTION NO. 11-332-JJB

VERSUS

HERCULES LIFEBOAT COMPANY, LLC,
ET AL.

**RULING ON MOTION TO DISMISS AND MOTIONS FOR SUMMARY JUDGMENT**

Before the Court are a number of dispositive motions filed in this matter. Defendants Hercules Liftboat Company, LLC ("Hercules Liftboat"), Hercules Offshore, Inc. ("Hercules Offshore"), and HERO Holdings, Inc. ("HERO") (collectively, "Hercules") filed a motion to dismiss plaintiff Sue Bell's Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1056 *et seq.* claims (Doc. 29). Bell subsequently filed a motion for partial summary judgment against Hercules and Life Insurance Company of North America ("LINA") regarding her claims of interference with her ERISA rights (against Hercules) and arbitrary and capricious denial of her long term disability claim against LINA. (Doc. 34). LINA filed an opposition and a cross-motion for summary judgment (Doc. 62). Oral argument is unnecessary. Both federal question and diversity jurisdiction exist over this removal action.

I. Facts for Motion to Dismiss

The following facts pertinent to this motion are taken as true based on well-pleaded facts from Bell's original (Doc. 16-1) and amended (Doc. 16) complaints. Bell formerly worked for Hercules Liftboat as an estimator and cost controller. (Doc. 16-1, ¶¶ 5, 8). Hired in March 2007, she was eventually diagnosed with cancer in November 2009. (*Id.*, ¶¶ 8, 20). Following cancer-related surgery in February 2010, Bell suffered severe side effects from a series of trial medications her oncologist prescribed. (*Id.*, ¶¶ 21-32). Bell shuffled through these various trial

1

medications while on short term medical disability leave in early 2010, hoping to avoid being placed on long term medical disability. (Doc. 16, ¶¶ 3-5, 9-10). Bell was eventually terminated on January 26, 2011. (Doc. 16, ¶ 46).

Bell filed suit in Louisiana state court, and this action was removed to this Court based on diversity of jurisdiction on May 18, 2011. (*See* Doc. 1). On September 12, 2011, Bell augmented her state law claims for discriminatory discharge by also pleading, *inter alia*, a claim for interference with ERISA rights under 29 U.S.C. § 1140 against the Hercules companies. (Doc. 16). Bell alleges she requested and received information about applying for short term and long term disability with the encouragement of Hercules. (Doc. 16, ¶¶ 19-20). However, during the processing of her disability applications with the claims administrators for the disability policies, she alleges Hercules determined she was not eligible and caused the insurance claim managers to cease processing her application. (*Id.*, ¶¶ 20-22). She alleges one or all of the Hercules companies participated in the ERISA plan and therefore interfered with her ERISA benefits. (*Id.*, ¶¶ 22-24, 31).[1]

In response, Hercules filed a motion to dismiss (Doc. 29) the ERISA claims on October 18, 2011. One month later, Bell filed a motion for partial summary judgment on the ERISA claims. (Doc. 34).

## II. Motion to Dismiss Standard of Review

Pursuant to Fed. Rule Civ. P. 12(b)(6), on a motion to dismiss for failure to state a claim, the Court accepts all well-pleaded, non-conclusory facts in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible

---

[1] While not pertinent to this motion, Bell also brings additional claims of discrimination and retaliation.

on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

A complaint that pleads facts merely consistent with a defendant's liability "stops short of the line between possibility and plausibility." *Id.* at 557. When well-pleaded factual allegations populate the complaint, "a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 129 S.Ct. at 1950. Courts may consider not only the complaint itself, but also documents attached to the complaint or documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322-23 (2007). The facts in the complaint are viewed collectively, not scrutinized in strict isolation. *Id.*

### III. Law and Analysis on Motion to Dismiss

Hercules argues a number of grounds for dismissal. First, they assert Bell improperly sued them rather than the plan as an entity, 29 U.S.C. § 1132(d)(2), because she makes no allegations that Hercules was the actual decision-maker regarding the availability of benefits, citing *Musmeci v. Schwegmann Giant Supermarkets, Inc.*, 332 F.3d 339, 349 (5th Cir. 2003). Next, they argue Bell did not plead sufficient specific facts to support her claim of interference. They further contend Bell seeks remedies not cognizable under ERISA. Finally, they contend plaintiff failed to allege she exhausted administrative remedies. The Court need only address the factual specificity plead and therefore pretermits discussion of the other grounds for dismissal.

Plaintiff has alleged that the Hercules entities "participate" in the ERISA plan at issue. (Doc. 16-1, ¶ 23). In this case, it is undisputed that Hercules Liftboat is Bell's technical employer, but the plan sponsor of the short term disability plan is Hercules Offshore, (*see* Doc. 32-1, p. 1), which identifies itself as the "Employer" for ERISA purposes for "eligible employees

of the Employer and participating affiliated entities." (Hercules Short Term Disability Plan, Doc. 32-1, p. 1). Further, Bell has alleged that HERO Holdings, Inc. is the total owner of Hercules Liftboat and/or Hercules Offshore. (Doc. 16-1, ¶ 23). Moreover, plaintiff has alleged that counsel for Hercules provided Bell disability forms and encouraged her to fill them out because she was entitled to benefits. (*Id.*, ¶ 20). She also alleged that it was Hercules' determination that she was not eligible for the benefits, as relayed to her by the claims manager working on her short term disability claim. (*Id.*, ¶ 21). Thus, she alleges all the Hercules entities jointly and severally interfered with her coverage under 29 U.S.C. § 1140. (*Id.*, ¶ 22).

On these facts, the Court finds the allegations implausible and the claim therefore impermissible. Plaintiff fails to set forth how a hearsay statement of her claims manager, who was not an employee of any Hercules entity, shows unlawful interference by Hercules. Moreover, her claim of interference by Hercules' attorney sounds in estoppel, which is not cognizable in an ERISA claim. *Rodrigue v. Western and Southern Life Ins. Co.*, 948 F.2d 969, 971-72 (5th Cir. 1991) (concluding that courts are "not free to fasion federal common law that recognized estoppel-based arguments" in ERISA claims). Because this claim lacks the factual specificity necessary to nudge it past the line from possible to plausible, the Court GRANTS Hercules' motion to dismiss. This moots Bell's summary judgment motion against Hercules on this ERISA claim.

## IV. Summary Judgment Standard of Review

Since Bell's claims have survived the motion to dismiss, the Court now turns to her motion for partial summary judgment, which seeks summary judgment against the Hercules defendants on the ERISA interference claim and against the claims administrator of her long term disability plan, Life Insurance Company of North America ("LINA"), for arbitrary and

4

capricious denial of her long term disability claim. (*See* Amended Complaint, Doc. 16, ¶¶ 25-33 (allegations against LINA)).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991), *cert. denied*, 507 U.S. 1051. If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

V.     Bell and LINA's Cross-Motions for Summary Judgment on Arbitrary and Capricious Denial of Disability Benefits
5

Case 3:11-cv-00332-JJB-SCR  Document 113  02/22/12  Page 5 of 10

capricious denial of her long term disability claim. (*See* Amended Complaint, Doc. 16, ¶¶ 25-33 (allegations against LINA)).

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991), *cert. denied*, 507 U.S. 1051. If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

V.     Bell and LINA's Cross-Motions for Summary Judgment on Arbitrary and Capricious Denial of Disability Benefits

Bell contends LINA arbitrarily and capriciously denied her disability benefits under both short term and long term policies sponsored by Hercules. LINA claims it acted in accordance with policy language jettisoning Bell from coverage once she was terminated and also asserts its liability is limited due to its limited role under the Hercules disability policies. LINA also asserts that Hercules' own contractual responsibilities cast it, if anyone, with liability for determining policy non-coverage.

In reviewing benefit denials under ERISA, 29 U.S.C. § 1132(a)(1)(B), courts must apply a *de novo* standard unless the benefit plan at issue gives the administrator discretionary authority to determine eligibility for benefits or to construe the terms of the plan, which mandates review under an abuse of discretion standard. *Firestone Tire and Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). In this case, the parties agree that LINA was given discretionary authority and that review is for an abuse of discretion. (LINA Memo., Doc. 62-2, p. 16; Bell Memo., Doc. 34-1, p. 4). An abuse of discretion results only when the administrator cannot satisfy the deferential "arbitrary and capricious" standard. *Vasseur v. Halliburton Co.*, 950 F.2d 1002, 1006 (5th Cir. 1992). Arbitrary and capricious review, in turn, evaluates the substantial evidence and asks whether the administrator's decision bore a rational connection to that evidence. *See, e.g., Chandler v. Hartford Life*, 178 Fed.Appx. 365, 369 (citing *Meditrust Fin. Serv. Corp. v. Sterling Chem., Inc.*, 168 F.3d 211, 213 (5th Cir. 1999)). Administrators need not necessarily conduct a detailed fact investigation when determining a claim. *Vega v. Nat'l Life Ins. Services, Inc.*, 188 F.3d 287, 298 (5th Cir. 1999) (en banc), *abrogated on other grounds by Metropolitan Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), *as recognized by Holland v. Int'l Paper Co. Retirement Plan*, 576 F.3d 240, 247, n. 3 (5th Cir. 2009). When an administrator also acts as an insurer of the same plan, as LINA admits it does here for the long term disability policy, a conflict of interest

exists, but that conflict only operates as one of many factors to consider when evaluating the administrator's decision for abuse of discretion. *Holland*, 576 F.2d at 247, n. 3. Ultimately, the Court need only be assured "that the administrator's decision fall[s] somewhere on a continuum of reasonableness—even if on the low end." *Vega*, 188 F.3d at 297. Courts first determine whether the decision was legally correct, and if not, determine whether the administrator's decision constituted an abuse of discretion. *McDonald v. Hartford Life Group Ins. Co.*, 361 Fed.Appx. 599, 607 (5th Cir. 2010) (citing *Holland*, 576 F.2d at 246, n.2). However, courts may skip the first step if the second step can be more readily determined. *Id.*

In this case, it is undisputed that LINA served as claims administrator for both the short term and long term disability policies (hereinafter, "STD" and "LTD" policies). Both policies contain essentially the same language regarding policy coverage. The pertinent language is located in a section of the plan entitled "Continuation of Plan Participation." Bell relies on the following language: "Disability participation under the plan continues if your active service ends due to a disability for which benefits under the plan are or may become payable." (*See, e.g.,* STD Policy, Doc. 62-9, § 5.1, p. 3). LINA relies on language which follows closely on the heels of Bell's quoted language: "Notwithstanding any other provision of this Plan, if an Employee's Active Service ends due to layoff, termination or employment, or any other termination of the employment relationship, participation under the Plan will terminate and Continuation of Plan Participation under this provision will not apply." (*Id.*). The previous page of the plan contains a provision entitled "Termination of Plan Participation," which stipulates that an employee's plan participation ends "the date the Employee is no longer in Active Service." (*Id.*, § 4.1, p. 2). Active Service is elsewhere defined in the policy as either (1) a day on which the employee is

7

actually working, or (2) a day which is a scheduled holiday, vacation day, or non-scheduled work day, but only if the employee actually worked on the preceding work day. (*Id.*, § 12.3, p. 10).

Plaintiff was terminated effective at the end of business on January 31, 2011. (Personnel Action Notice, Doc. 34-4, Ex. 4, p. 1; *see also* Employer Claim Forms, Doc. 62-11, pp. 18-19). Thus, under the terms of the plans, that was the last day on which plaintiff was in Active Service and thus covered under the plans. Once she was terminated, her Active Service ended as did her participation in the plans, and she was no longer eligible to continue participating in the plans. It appears plaintiff filed for LTD and STD on March 29, 2011, and April 6, 2011, respectively. At that point, Bell was not entitled to invoke either plan because she had already been terminated from employment and thus plan participation.

LINA determined that plaintiff was ineligible for LTD benefits because she had already been terminated and thus had no coverage under the policy. (Doc. 62-18, pp. 14-15 (LINA denying Bell's appeal for LTD benefits because her post-termination application did not come within the policy)). Similarly, LINA determined Bell was ineligible for STD benefits because she had already been terminated and thus was not covered by the policy.[2] (Doc. 62-21, pp. 15-16 (LINA denying Bell's appeal for STD benefits because her post-termination application did nto come within the policy)). LINA further determined that Bell was not eligible to relate back her STD claim to her previous disability stint in 2010 because that claim ended on July 19, 2010

---

[2] LINA appears to have been under the mistaken impression that Bell claimed the day she incurred her disability was February 1, 2011 (i.e., the day after her termination). Her application for STD benefits does indeed state that was the day she was first unable to work (Doc. 75, Ex. 7, p. 7), but in light of the entry next to that one indicating March 16, 2010 as the day her sickness began, LINA's treatment of February 1, 2011, of the "incur date" (*see, e.g.,* Doc. 62-21, p. 14) appears wrong. However, as the remainder of this ruling will demonstrate, her ability to relate her post-termination disability claim back to the 2010 date ended once she continuously worked 14 days after coming back to work from that disability. Thus, she had to demonstrate in her post-termination disability applications a new disability, and since she applied after she was terminated, she was ineligible to do so under the plain terms of the policies. *See Lee v. Cameron Int'l Corp.*, No. H-10-1112, 2011 WL 4479081 (S.D. Tex. Sept. 26, 2011) (finding no abuse of discretion in administrator determination that layoff ended plaintiff's participation in plan at that moment even if plaintiff filed for disability benefits the later in the same day).

8

when she returned to work until her termination on January 31, 2011.[3]  Plaintiff does not contest that she returned to work *per se*, but she does assert she worked reduced hours and took many medical appointments.  (*See* Bell's Statement of Disputed Facts, Doc. 73-1, ¶¶ 21, 31; *see also* Bell Deposition, Doc. 76, p. 23).  However, Bell does not point out why a reduction in hours or mere taking of medical appointments would be relevant.  Under the policies, it is the performance of job duties and an ability to earn at least 80% of pre-disability salary that are relevant to making a disability determination, (*see, e.g,* "Definition of Disability/Disabled" in STD Policy, Doc. 62-8, § 1.3, p. 36), and plaintiff's proffered evidence simply does not put at issue any facts tending to show, during the relevant period from July 19, 2010 to January 31, 2011, she earned less money than she did pre-disability.

Because each benefit denial decision had an independent and sufficient basis upon which to deny benefits in that the administrator could reasonably conclude that plaintiff was no longer in Active Service under the plans when her post-termination benefits claims were filed, then the administrator did not abuse its discretion in concluding that claims filed after Bell's termination, notwithstanding plaintiff's claims that the administrator knew the extent of her sickness prior to her termination or impermissibly relied on Hercules' representations of her eligibility.  Because the denials were not medically based and the denials themselves were not an abuse of discretion,

---

[3] LINA based that determination on the fact that plaintiff had worked 14 or more consecutive days in her regular occupation, which under the terms of the Plan closed her disability claim and prevented a new claim from relating back to that one. (Doc. 62-12, p. 14 (denial on appeal of post-termination disability application for relation back to 2010 claim); *see also* Doc. 62-12, pp. 22-26 (Bell's appeal of denial seeking retroactive benefits dating to February 2010).  This determination was not an abuse of discretion because of plan language stating that a "separate period of Disability will be considered continuous: if, after receiving Disability Benefits, the Employee returns to work in his Regular Occupation for less than 14 consecutive days…." (STD Policy, Doc. 62-9, § 6.9.2, p. 6).  The STD Policy thus confirms that the new disability does not equate to a "continuous" disability and therefore cannot relate back to an earlier time period if the employee works 14 or more consecutive days.

the Court need not inquire into those circumstances.[4] The Court further pretermits discussion of the legal correctness of the denials because it is readily apparent that the administrator made a reasonable determination—even if less reasonable than other potential decisions—that Bell was not entitled to disability benefits because the "layoff ends Active Service" language could reasonably be read to trump the "Active Service doesn't end if due to disability" language. Thus, the administrator did not act arbitrarily and capriciously and thus did not abuse its discretion.

The Court therefore DENIES Bell's motion for partial summary judgment and GRANTS LINA's cross-motion for summary judgment.[5]

V. Conclusion; Order

Accordingly, it is ORDERED that Hercules' motion to dismiss (Doc. 29) is GRANTED.

It is further ORDERED that Bell's motion for summary judgment on her ERISA claims (Doc. 34) against Hercules is DENIED as moot. The remainder of her summary judgment motion is DENIED.

Finally, it is ORDERED that Life Insurance Company of North America's motion for summary judgment (Doc. 62) is GRANTED.

Signed in Baton Rouge, Louisiana, on February 17, 2012.

**JAMES J. BRADY, DISTRICT JUDGE**
**MIDDLE DISTRICT OF LOUISIANA**

---

[4] Plaintiff raises more substantial allegations against Hercules for discriminatory discharge, and the remainder of the allegations in her memoranda relate to those claims instead of her ERISA claims. Because the employment claims are not before the Court at this time, a discussion of them here is not warranted.
[5] Plaintiff also appears to raise a claim of untimely production of documents under 29 U.S.C. § 1132(c) in her memoranda. However, it would be improper for the Court to consider such an argument because plaintiff did not adequately plead this claim. See Amended Complaint, Doc. 16, ¶ 19 (lone threadbare assertion that "Ms. Bell requested information regarding her rights to recover disability").

10