UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUE BELL

VERSUS

HERCULES LIFTBOAT COMPANY, L.L.C.

CIVIL ACTION

NUMBER 11-332-JJB-SCR

**SUPPLEMENTAL RULING ON MOTION FOR PROTECTIVE ORDER**

The Ruling on Motion for Protective Order issued January 13, 2012 allowed the plaintiff time to file a statement of her expenses incurred in connection with the motion and gave the defendants time thereafter to file a response.[1] Plaintiff filed her statement and the defendants filed their response.[2] Plaintiff sought an award of attorney's fees in the amount of $3,542.50; defendants argued that no award is warranted, but alternatively argued should any fees be awarded the amount should not be more than $125.[3]

Plaintiff has not shown that attorney's fees of $3,542.50 is reasonable. Although the plaintiff's opposition was only two pages, it incorporated her longer memorandum in support of her

---

[1] Record document number 71.

[2] Record document numbers 88 and 103, respectively.

[3] Defendants also made other arguments addressing the merits of the plaintiff's opposition to their Motion for Entry of Protective Order and court's Ruling on Motion for Protective Order. There is no need to address these arguments. Defendants did not seek review of the ruling by the district judge.

motion for contempt.[4]  But that contempt motion memorandum included mostly arguments not directly relevant to the motion for protective order.  Review of the defendant's Motion for Entry of Protective Order and the plaintiff's opposition supports the conclusion that two hours is a reasonable amount of time to review the motion and to prepare the opposition filed by the plaintiff.

Plaintiff also included two hours of time for reviewing and analyzing the "Ruling on Motion for Contempt."  As the defendants correctly point out, the court has not ruled on the plaintiff's motion for contempt.[5]  Obviously the plaintiff was referring to the Ruling on Motion for Protective Order.  But even so, and setting aside that charging two hours to review a six-page ruling is excessive, reviewing the ruling is not an expense incurred in opposing the motion.

Finally, the plaintiff "suggest[ed] a reasonable rate of attorney fees at $250.00 per hour for this specialized litigation."[6]  But the available information supports finding that $250 per hour is not what the plaintiff's attorney actually charges; rather it is only a suggested hourly rate for the purpose of fixing a fee award.  Defendants pointed to documents from the

---

[4] Record document number 61, incorporating record document number 60-1.

[5] Record document number 60.

[6] Record document number 88, p. 1.

2

Case 3:11-cv-00332-JJB-SCR   Document 114   02/22/12   Page 2 of 3

plaintiff's attorney which indicate that she is billing the plaintiff at the rate of $125 per hour.[7] The fact this case involves some issues which might support finding that $250 per hour is a reasonable rate is not sufficient to support a fee award at that hourly rate if that is not the attorney's actual billing rate.

Considering the parties submissions, an award of $250 is sufficient to compensate the plaintiff for her reasonable expenses incurred in opposing the defendants' Motion for Entry of Protective Order.

Accordingly, the plaintiff is awarded $250 in reasonable expenses, to be paid by the defendants within 14 days.

Baton Rouge, Louisiana, February 22, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[7] Record document number 103, p. 9, n. 19, referencing record document number 76, pp. 11, 18-19.