UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUE BELL

VERSUS

HERCULES LIFTBOAT COMPANY, L.L.C.

CIVIL ACTION

NUMBER 11-332-JJB-SCR

**PARTIAL RULING ON SECOND MOTION TO COMPEL**

Before the court is the plaintiff's Second Motion to Compel. Record document number 112.

Because this partial ruling denies one aspect of the plaintiff's motion, the defendants are not prejudiced by ruling on it before they file a response. As the motion notes, the current deadline to complete fact discovery is March 30, 2012. The court's local rules give a party 21 days to file a response to a motion. Therefore, this partial ruling is being issued so as to avoid delaying ruling on one aspect of the motion.

Along with other relief, the plaintiff seeks an order requiring defendant Hercules Liftboat Company, L.L.C. to give her dates to take the depositions of ten of its employees, including company president John Rynd.[1] Rule 30, Fed.R.Civ.P., does not require either a party or a party's attorney to provide convenient deposition dates. Agreeing on depositions dates is commonly done

---

[1] These are individual depositions. The motion does not indicate that the plaintiff is seeking a Rule 30(b)(6), Fed.R.Civ.P., deposition.

and always a good idea. Doing so facilitates scheduling and usually reduces costs and the burden on the parties and their attorneys. But an agreement is not always reached. Rule 30 only requires giving reasonable notice and serving a subpoena on a non-party.[2] The motion does not indicate that Rynd or any other employee failed to appear for a properly noticed deposition.

Having apparently exhausted efforts to schedule Rynd's deposition and those of the other employees on convenient dates, and with the time for discovery running out, the plaintiff is left with unilaterally scheduling them herself, issuing timely notices, and serving each deponent with a subpoena.[3] If she does so and Rynd or another employee has good cause to object, he or she may seek a protective order or move to quash the deposition subpoena. Absent a timely motion to quash or for a protective order and a

---

[2] See Rule 45, Fed.R.Civ.P., regarding restrictions on subpoenas.

[3] Emails filed with the motion indicate that Rynd is located in Houston, Texas. Defendants's attorney advised that Rynd would not be produced for a deposition in Lafayette. Record document number 112-6, Exhibit D, October 11, 2011 email from legal secretary Becky Verdin to the plaintiff's attorney. An officer of a party can be required to travel more than 100 miles from where he resides, is employed or regularly transacts business in person, for his deposition. See Rule 45(c)(3)(A)(ii)(grounds for quashing subpoena). Therefore, if Rynd is an officer of a defendant and he regularly conducts business in Lafayette, he can be required to appear for his deposition in Baton Rouge because it is less than 100 miles from Lafayette. Similarly, if the other employees are employed in Lafayette, or regularly conduct business in Lafayette, they too can be required to appear for their depositions in Baton Rouge.

2

favorable ruling from the court, the deponent is expected to appear for the deposition.

Neither Rynd nor any other employee failed to appear for a properly noticed deposition after being timely served with a subpoena, and Rule 30 does not provide for the relief sought by the plaintiff.

Accordingly, the plaintiff's Second Motion to Compel is denied insofar as she sought an order compelling the defendants to provide deposition dates.

The parties and their attorneys are strongly encouraged to immediately renew their efforts to schedule the depositions of John Rynd and the other nine employees on convenient dates well before March 30, 2012. The alternatives - unilateral setting of the depositions by the plaintiff, or by a court order in response to a motion for protective order or to quash - will undoubtedly be more costly to all parties.

Baton Rouge, Louisiana, February 22, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE