UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUE BELL

VERSUS

HERCULES LIFTBOAT COMPANY, L.L.C.

CIVIL ACTION

NUMBER 11-332-JJB-SCR

**RULING ON MOTION FOR CONTEMPT**

Before the court is the plaintiff's Motion for Contempt and for Sanctions, Including Dismissal of Defendants' Defenses and Counterclaims. Record document number 60. Also before the court is the plaintiff's Amended [60] Motion for Contempt. Record document number 87. Both motions are opposed.[1]

Careful consideration of the plaintiff's motion leads to the conclusion that there is no basis for holding the defendant in contempt.

Plaintiff complained that the defendant did not comply with the December 8, 2011 Ruling on Motion to Compel and therefore should be held in contempt. The ruling required defendant Hercules Liftboat Company, LLC to supplement its answer to one interrogatory and produce documents responsive to four requests for production,

---

[1] Record document number 72. Defendant's opposition applies to both the plaintiff's original and amended motions. Plaintiff filed a response to the defendant's opposition. Record document number 90. Defendant filed a reply to that response. Record document number 101.

and to do so within 7 days after the ruling.[2]

The evidence shows that on December 16, 2011 the defendant sent the information and documents to the plaintiff's attorney by email to several of her email addresses. Plaintiff complained that the defendant sent the email to an incorrect email address.

Defendant submitted evidence which shows that the defendant tried to send the information and documents by facsimile and email to the several email addresses, including the plaintiff's attorney's preferred email address. The email service used by the plaintiff's attorney for her preferred email address failed to deliver it, apparently because the email exceed the service's size limit.[3] However, there is no dispute that the email sent to one of the email addresses (ccmlala@yahoo.com) was received.[4]

Next, the plaintiff complained that one of the documents (the list of persons terminated) was illegible because the print was too small. The court has examined this document - it is mostly not legible. Enlarging the document does not result in a completely legible document; rather it results in document with larger blurred print. Nonetheless, the plaintiff was able to use the document in her opposition to the defendant Life Insurance Company of North

---

[2] Although the ruling is dated December 8, 2011, it was not docketed by the clerk of court until the afternoon of December 9, 2011.

[3] Record document number 72-1, Exhibits A-G.

[4] Record document number 90, p. 2.

America's motion for summary judgment.[5] If the plaintiff needs to use the document for another purpose, she can ask the defendant to provide another copy of it in a larger original format.

Lastly, the plaintiff complained that the defendant did not produce its policies and procedures, but rather produced a document titled "Global Human Resources Manual" used by defendant Hercules Offshore, Inc., which was not the plaintiff's employer.

Plaintiff's complaint is unavailing. Her document production requests were directed to defendant Hercules Liftboat Company, and it produced responsive documents in compliance with the ruling. Although the document described by the plaintiff does not bear the name of Hercules Liftboat Company, this is not a basis for finding that it failed to comply with the ruling. It is apparent that by producing the document the defendant is representing that it has adopted the document as its own.

Plaintiff has not shown that the defendant failed to comply with the Ruling on Motion to Compel.

Plaintiff included in her memoranda references and arguments related to her second set of interrogatories. Because these discovery requests were not the subject of the plaintiff's Motion to Compel, there is no need to address her arguments about the

---

[5] See record document number 73, Plaintiff Opposition to Life Insurance Company of North America Cross Motion for Summary Judgment Filed December 29, 2011, p. 7, referencing record document number 74, p. 15-17.

3

Case 3:11-cv-00332-JJB-SCR   Document 116   02/23/12   Page 3 of 4

defendant's response to them.

Defendant included in its opposition memorandum a request for sanctions pursuant to Rule 11, Fed.R.Civ.P. Defendant's request does not comply with Rule 11(c)(2).

Accordingly, plaintiff's Motion for Contempt and for Sanctions, Including Dismissal of Defendants' Defenses and Counterclaims is denied. Defendant's request for imposition of Rule 11 sanctions included in its opposition memorandum is also denied.

Baton Rouge, Louisiana, February 23, 2012.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE