UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUE BELL

VERSUS

HERCULES LIFTBOAT COMPANY, L.L.C.,
ET AL.

CIVIL ACTION

NO. 11-332-JJB

## RULING ON MOTION FOR PARTIAL SUMMARY JUDGMENT

Before the Court is a motion for partial summary judgment (Doc. 107) filed by plaintiff Sue Bell against her former employer, defendant Hercules Liftboat Company, LLC ("Hercules"), regarding Hercules' business decision defense to her disability discrimination claims. Hercules opposes this motion (Doc. 117), and Bell filed a reply (Doc. 122). Oral argument is unnecessary. Jurisdiction exists under 28 U.S.C. §§ 1331 and 1332.

I.

The following facts are undisputed. Hercules hired Bell as a cost controller and estimator in March 2007. Bell was diagnosed with breast cancer in 2009 and took a leave of absence for treatment from February to July, 2010. On September 30, 2010, Byron Allemand, Hercules' managing director of Gulf of Mexico Liftboats, submitted a report detailing his recommendation for changes to the organization and structure of the repair and maintenance group of the division in which Bell worked. (*See* R&M Report, Doc. 63-6). Allemand's recommendation included elimination of Bell's position due to overlapping duties with another group performing similar tasks. (*Id.*). On January 24, 2011, Bell's position was eliminated and her employment with Hercules terminated.

1

## II.

In this partial summary judgment motion, Bell attacks the validity of and motive behind Allemand's R&M Report. She alleges the report is false and unworthy of credence (and thus cannot serve as a defense for Hercules' termination of her) because Allemand had no relevant experience or expertise, intentionally misrepresented or falsified facts in the report, and issued the report merely as a pretext for Hercules' discriminatory decision to terminate her under auspices of a layoff caused by business needs and budgetary demands.

In response, Hercules asserts this motion should more properly be denominated a motion *in limine* rather than a partial summary judgment, but in any event it characterizes Bell's motion as an attempt to substitute her opinion for Allemand's business judgment. Hercules disputes many of Bell's characterizations of the R&M Report, especially the intentionally false characterization and Allemand's alleged lack of credentials.

## III.

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact." Fed. Rule Civ. P. 56(a). The party seeking summary judgment carries the burden of demonstrating that there is an absence of evidence to support the non-moving party's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). When the burden at trial rests on the non-moving party, the moving party need only demonstrate that the record lacks sufficient evidentiary support for the non-moving party's case. *Id.* The moving party may do this by showing that the evidence is insufficient to prove the existence of one or more essential elements of the non-moving party's case. *Id.* A party must support its summary judgment position by "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute." Fed. Rule Civ. P. 56(c)(1).

2

Case 3:11-cv-00332-JJB-SCR   Document 134   04/02/12   Page 2 of 6

Although the Court considers evidence in a light most favorable to the non-moving party, the non-moving party must show that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248-49 (1986). Conclusory allegations and unsubstantiated assertions will not satisfy the non-moving party's burden. *Grimes v. Tex. Dep't of Mental Health*, 102 F.3d 137, 139-40 (5th Cir. 1996). Similarly, "[u]nsworn pleadings, memoranda or the like are not, of course, competent summary judgment evidence." *Larry v. White*, 929 F.2d 206, 211 n.12 (5th Cir. 1991), *cert. denied*, 507 U.S. 1051. If, once the non-moving party has been given the opportunity to raise a genuine fact issue, no reasonable juror could find for the non-moving party, summary judgment will be granted for the moving party. *Celotex*, 477 U.S. at 322.

IV.

Bell has brought forth a number of claims. She asserts tort claims of harassment and intentional infliction of emotional distress under La. C.C. art. 2315,[1] claims under Louisiana's Employment Discrimination Law, La. R.S. 23:301 *et seq.*,[2] and other unnamed claims under state and federal law. (Status Report, Doc. 13, at 6 (describing her allegations against Hercules Liftboat arising from her original complaint); *see also* Complaint, Doc. 16-1 (unaffected by amended complaint adding defendants and ERISA claims)). The complaint also makes a general allegation of retaliation based on Bell's reporting of her disability. (Doc. 16-1, at ¶ 64).

Bell's motion seeks to show the R&M Report "is not based in fact and is pre-text for termination." (Memo. in Support, Doc. 107-1, at 1). The sole case plaintiff cites to support the

---

[1] "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it." La. C.C. art. 2315(A).

[2] *See, e.g.,* La. R.S. 23:323(A) ("No otherwise qualified disabled person shall, on the basis of a disability, be subjected to discrimination in employment."). Subsection (B) of La. R.S. 23:323 lists prohibited employment practices. The Court notes her original petition describes her first claim as arising under La. R.S. 23:301 *et seq.* for discrimination and her second claim as arising under La. R.S. 23:323 *et seq.* for discrimination. Because the Court has not detected any allegations of discrimination based on a protected characteristic aside from disability, the Court treats these two claims in tandem.

3

pretext claim—in either her primary or reply brief—comes from a Fifth Circuit case describing the burden of showing pretext under Title VII, a federal statute. (*See* Memo. in Support, Doc. 107-1, at 3 (citing *Nasti v. CIBA Specialty Chemicals Corp.*, 492 F.3d 589, 593 (5th Cir. 2007))).

*Nasti* describes the *McDonnell Douglas* burden-shifting framework for evaluating Title VII claims. Once a plaintiff establishes a *prima facie* case of discrimination, the employer must produce a legitimate, non-discriminatory reason for its actions. Once the employer furnishes a legitimate reason, the framework dissipates, and plaintiff bears the burden of persuading the trier of fact that the employer engaged in intentional discrimination. Thus, plaintiff must produce substantial evidence that the employer's proffered reasons for the actions were a pretext for discrimination. Plaintiffs can establish pretext by either evidence of disparate treatment or by showing the employer's proffered explanation is false or unworthy of credence. *Nasti*, 492 F.3d at 593 (citations and quotations omitted).

It is thus unclear by what authority and to which claims Bell seeks to apply the pretext argument. If she is indeed invoking federal Title VII law as a basis for recovery, as the status report implies she wishes to do, this suspect approach would surreptitiously introduce a federal employment claim into the case without actually pleading the claim. If she is seeking to apply the pretext law of Title VII to her state discrimination claims and Hercules' anticipated defense of its actions, she gives the Court no Louisiana case law adopting Title VII interpretations in the state arena.[3]

Due to the motion's lack of clarity, Hercules treats this as a motion *in limine*. Reading the motion charitably, Bell is seeking to disprove the R&M Report in order to forestall Hercules'

---

[3] Nevertheless, the Court's own examination of Louisiana jurisprudence supports permitting this practice. *See, e.g., Brittain v. Family Care Services, Inc.*, 801 So.2d 457, 460-61 (La. App. 2d Cir. 2001) (finding Title VII interpretations persuasive with respect to Louisiana anti-discrimination law).

4

Case 3:11-cv-00332-JJB-SCR   Document 134   04/02/12   Page 4 of 6

anticipated defense of restructuring as its proffered legitimate, non-discriminatory reason for her termination. Regardless, Bell is not entitled to the remedy sought because genuine disputes of material fact exist, making summary judgment improper.

Bell makes much ado about Allemand's lack of liftboat experience, which she implies makes him unqualified to terminate her. But that is a quintessential business judgment which this Court has no business second-guessing. *See EEOC v. La. Office of Community Services*, 47 F.3d 1438, 1448 (5th Cir. 1995) (applying federal Age Discrimination in Employment Act (ADEA) and holding courts should not second-guess employment decisions or act as personnel managers and substitute their judgments for the employer's, absent proof of discriminatory motive). It is the employer's province to staff itself with the persons it deems best-suited to carry out its business purposes. And even though Allemand is an accountant, there is nothing in the record from which to infer accountants generally, or Allemand in particular, cannot adequately analyze business structures to identify areas of overlap which may be susceptible to cost savings by consolidation. Indeed, Allemand's affidavit provides evidence that he has experience in managing offshore boat companies and liftboat construction. (Doc. 117-3, ¶ 3).

Bell's contentions that Allemand intentionally misrepresented and falsified the report are controverted by Allemand's affidavit averring otherwise. (*Id.*, ¶ 13). Similarly, the factual accuracy of Allemand's report has simply not been disproven by the evidence plaintiff submitted. Most of plaintiff's arguments regard her effectiveness as an employee, whereas most of Allemand's report focuses on structural efficiencies. While this certainly does not mean his report is incapable of being falsified or found unworthy of credence, the evidence submitted by plaintiff only establishes a genuine dispute of material fact. It does not create an entitlement to

5

judgment as a matter of law. Plaintiff bears the burden of showing the report was merely a pretext for unlawful discrimination, and she has failed to do so here.

V.

Accordingly, it is ORDERED that plaintiff Sue Bell's motion for partial summary judgment (Doc. 107) is hereby DENIED.

Signed in Baton Rouge, Louisiana, on April 2, 2012.

_____
**JAMES J. BRADY, DISTRICT JUDGE
MIDDLE DISTRICT OF LOUISIANA**

6

Case 3:11-cv-00332-JJB-SCR   Document 134   04/02/12   Page 6 of 6