UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUE BELL

VERSUS

HERCULES LIFTBOAT COMPANY, L.L.C.

CIVIL ACTION

NUMBER 11-332-JJB-SCR

**RULING ON MOTION TO COMPEL**

Before the court is the Motion to Compel filed by defendant Hercules Liftboat Company, L.L.C. Record document number 121. The motion is opposed.[1]

Defendant filed this motion to compel the plaintiff to supplement her responses to two sets of discovery requests. Defendant initially argued that the plaintiff's responses to Request for Production Nos. 1-17, 19-24, 29, 30, 32, and 33 of the second set of requests were deficient because the plaintiff responded by generally referring to an attached CD containing more that 2,200 pages of documents.[2] Defendant argued that plaintiff should be compelled to provide written responses which identify what specific documents are responsive to each separate request. Defendant also sought an award of expenses incurred in connection with the motion.

---

[1] Record document number 133. Defendant filed a reply memorandum. Record document number 139.

[2] Defendant provided the original disc to the court for review. The disc is actually a DVD.

In her opposition, the plaintiff argued that her responses referring to the attached documents were sufficient because the Federal Rules of Civil Procedure only require that documents be produced in the same manner as kept by the party. Plaintiff asserted the documents were produced as they existed in her computer files. Plaintiff also noted that the files showed the covers of the Equal Employment Opportunity Commission file folders scanned in this matter. In the alternatively, the plaintiff provided an index listing the documents on the disc with a reference to the relevant discovery requests. The index was sent to the defendant the same day the plaintiff filed her opposition memorandum.[3]

While Rule 34(b)(2)(E), Fed.R.Civ.P. allows a party to produce documents or electronically stored information "as they are kept in the usual course of business," the plaintiff is not a business. Consequently, the plaintiff is not relieved of her obligation to identify the documents responsive to each request. Plaintiff's general reference to this disc is insufficient.

A review of the index provided by the plaintiff shows that each document on the disc is identified as being responsive to one or more specific discovery request. The index provided by the

---

[3] Record document number 133, p. 8. The index is included in the plaintiff's opposition memorandum.

2

plaintiff was not contested by the defendant.[4] This aspect of the defendant's motion is moot.

Defendant also argued that after giving the plaintiff sufficient notice and opportunity to respond, the plaintiff failed to provide sufficient responses to Interrogatory No. 6 and Request for Production Nos. 2, 6, 7, and 14 of its first set of discovery requests and Interrogatory No. 5 and Request for Production Nos. 25, 26, 27, 28, and 31 of its second set of discovery requests. Defendant argued that the objections asserted by the plaintiff in response to these requests were improper and addressed specific substantive deficiencies with the responses.

Plaintiff failed to address any of the defendant's specific arguments concerning the validity of her objections or the alleged substantive deficiencies. A review of these responses shows that the plaintiff's objections are conclusory and unsupported. These discovery requests sought relevant, discoverable information – documents and information relating to, pertaining to and supporting the plaintiff's allegations. Plaintiff's repeated argument that she is not required to produce documents which are in the defendant's possession is without merit. At a minimum, the plaintiff should have specifically identified the documents in the defendant's possession which are responsive to the particular

---

[4] Defendant explained in its reply memorandum that it has not yet had time to review the documents to confirm that they are responsive. Record document number 139, p. 2.

request.

Under Rule 37(a)(5)(A), if a motion for discovery is granted, or if the requested discovery is provided after the motion to compel was filed, the court shall, after affording an opportunity to be heard, require the party whose conduct necessitated the motion to pay to the moving party the reasonable expenses incurred in making the motion, unless the court finds that the motion was filed without the movant first making a good faith effort to obtain the discovery without court action, the party's nondisclosure, response or objection was substantially justified, or that other circumstances make an award of expenses unjust.

Plaintiff did not provide the documents index until after this motion was filed, and failed to respond to the substantive issues regarding the specific discovery requests addressed in the motion. These facts demonstrate that the defendant is entitled to reasonable expenses under this rule.[5] Defendant did not submit anything to support an award of a particular amount of expenses and attorney's fees. A review of the motion and memorandum supports the conclusion that the amount of $1,250.00 is reasonable. This amount takes into consideration the hours expended by the defendant's attorney reviewing the plaintiff's document production and creating his own index of the documents in a effort to

---

[5] These same facts show that the defendants' actions are not substantially justified and that there are no circumstances which would make an award of expenses unjust.

4

determine which documents may be responsive to which discovery request.[6]

Accordingly, the Motion to Compel filed by defendant Hercules Liftboat Company, L.L.C. is granted, in part, and denied, in part, as moot. Plaintiff shall serve supplemental responses to Interrogatory No. 6 and Request for Production Nos. 2, 6, 7, and 14 of the first set of discovery requests and Interrogatory No. 5 and Request for Production Nos. 25, 26, 27, 28, and 31 of the second set of discovery requests, without objections, within 14 days. Pursuant to Rule 37(a)(5)(A), the plaintiff is also ordered to pay to the defendant, within 14 days, reasonable expenses in the amount of $1,250.00.

Baton Rouge, Louisiana, April 9, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] As noted above, the defendant provided the plaintiff's disc to the court for review. The disc was provided to the court on March 14, 2012, about two weeks before the plaintiff filed her opposition memorandum with the included document index. During the week after the disc was received the court reviewed it in an effort to determine whether there might be some obvious or easy way to link specific documents to specific discovery requests with a reasonable degree of confidence. After a couple of hours reviewing the documents alongside the discovery requests, the court concluded that there was not. Therefore, the court has no trouble accepting the defendant's statement that, even after multiple hours of reviewing the plaintiff's document production, it found no way to determine which documents are responsive to which discovery requests. See record document number 121-1, p. 5.

5