UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

SUE BELL

VERSUS

HERCULES LIFTBOAT COMPANY, L.L.C.

CIVIL ACTION

NUMBER 11-332-JJB-SCR

**SUPPLEMENTAL RULING ON MOTION TO QUASH SUBPOENA**

Again before the court is the Plaintiff's Motion to Quash Subpoena. Record document number 127. A Partial Ruling on Motion to Quash Subpoena was issued quashing the defendants's subpoena insofar as the subpoena commanded the plaintiff to produce documents at her deposition.[1] Still before the court is the plaintiff's request for the imposition of sanctions pursuant to Rule 45(c)(1), Fed.R.Civ.P., and 28 U.S.C. § 1927. Defendant Hercules Liftboat Company, LLC filed a opposition.[2]

Rule 45(c)(1), provides as follows:

> (1) ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena mut take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

Defendant argued that the documents described in its subpoena

---

[1] Record document number 128.

[2] Record document number 135.

were described with particularity and imposed no burden on the plaintiff to produce them. Moreover, defendant argued, because the plaintiff's document production was deficient (she failed to specifically identify which documents she produced are responsive to which discovery requests), requiring the plaintiff to produce the documents at her deposition was intended to avoid further motions and delays and to avoid extending the discovery deadline.[3]

Although having a party produce documents at a deposition in an organized manner is not unreasonable, the defendant failed to address in any way the fact that the subpoena issued to the plaintiff did not comply with Rule 34, Fed.R.Civ.P.

Rule 45(c)(1) requires the court to enforce the duty imposed by the rule. A appropriate sanction is the imposition of the reasonable cost incurred by the plaintiff in filing the motion to quash. Plaintiff did not seek an award of any particular amount. A review of the plaintiff's motion papers supports finding that an award of attorney's fees in the amount of $250.00 is reasonable.[4]

Accordingly, pursuant to Rule 45(c)(1) the plaintiff is awarded reasonable expenses in the amount of $250.00, to be paid by

---

[3] As noted in the Ruling on Motion to Compel issued this date, record document number 140, the plaintiff did not produce an index identifying which specific documents are responsive to which discovery request(s) until March 27, 2012, eleven days after her deposition. That ruling also required the plaintiff to supplement other discovery responses.

[4] It is not necessary to address the plaintiff's request for sanctions under § 1927.

Case 3:11-cv-00332-JJB-SCR   Document 141   04/09/12   Page 2 of 3

the defendant within 14 days.[5]

Baton Rouge, Louisiana, April 9, 2012.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[5] At its option, the defendant may apply this sanction against the amount owed to it by the plaintiff pursuant to the Ruling on Motion to Compel.

3