UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SUE BELL

VERSUS

HERCULES LIFTBOAT COMPANY, L.L.C.

CIVIL ACTION

NO. 11-332-JJB

## RULING AND ORDER ON PLAINTIFF'S MOTION TO REVIEW THE ASSESSMENT OF COSTS AGAINST PLAINTIFF

This matter is before the Court on a Motion to Review the Assessment of Costs against Plaintiff (Doc. 200) by the Plaintiff, Sue Bell. Hercules Liftboat Company, L.L.C. opposes the Motion (Doc. 202). Bell filed a reply (Doc. 206), to which Hercules filed a sur-reply (Doc. 208). Oral argument is not necessary.

Bell filed this lawsuit under Louisiana state law for retaliatory and discriminatory discharge, contending Hercules laid her off because of breast cancer she was diagnosed with in 2009. The Court granted summary judgment in favor of Hercules on August 6, 2012, and entered a judgment in this matter for the Defendants and against Bell on August 14, 2012. Docs. 186 & 188. The Court's ruling was in part based on the conclusion that "Bell could not perform her essential job duties and no reasonable accommodation from her employer could have changed that fact." Doc. 186, at 6. Bell appealed, and the Fifth Circuit affirmed. Doc. 198. Prior to the appeal, Hercules filed a bill of costs with the Court, which Bell did not oppose. Doc. 192. The Clerk of Court taxed the following costs against Bell, totaling $4500.98:

**Depositions**

| | |
|---|---|
| Sue Bell | $1,868.70 |
| Todd Pellegrin | $296.48 |
| Eric Furguson | $366.00 |
| Tim Reed | $237.85 |

1

| | |
|---|---:|
| Byron Allemand | $941.55 |
| Mary Coffelt | $364.00 |

**Fees For Witnesses**

| | |
|---|---:|
| Tim Reed | $106.60 |
| Byron Allemand | $213.20 |
| Mary Coffelt | $106.60 |

Doc. 199, at 1. Bell has now filed the instant motion for review.

Bell argues she is a single, disabled female, on a limited budget provided by social security disability benefits, would have provided the Defendants copies of depositions if asked, and she has already paid the costs of the depositions once and should not have to pay twice. She claims Hercules provided her with a copy of her deposition in exchange for copy costs. Bell argues in her reply that the witness appearance fees taxed involved depositions taken in Houston and were waived by agreement of counsel. She cites 28 U.S.C. § 1920 as saying a federal court *may* tax costs against a losing party, and Justice Marshall's dissent in *West Virginia University Hospitals, Inc. v. Casey*, 499 U.S. 83 (1991), as support for her argument that each party should bear its own costs, instead of chilling purported victims' willingness to bring cases to trial by threatening to assess thousands of dollars against them.

Hercules responds with the following. Bell's position is unsupported, and there is no legal basis to penalize it for failing to "stiff" the court reporter by obtaining copies of the transcripts directly from the Plaintiff. Hercules has no record of supplying Bell's deposition to her counsel, but even if it did, this has nothing to do with the costs incurred by Hercules in obtaining Bell's deposition transcript. Bell did not challenge the fees for witnesses in its Motion, and Bell was only assessed costs for the depositions of three Hercules witnesses who travelled from Lafayette to Baton Rouge, because Bell's

2

counsel refused to conduct depositions in Lafayette, where the witnesses lived and worked.

The taxation of costs by the Clerk of Court is subject to de novo review. *McGehee v. State Farm General Ins. Co.*, No. 08-3851, 2010 U.S. Dist. WL 3307609, at *1 (E.D. La. Aug. 18, 2010); *Chambers v. Joseph T. Ryerson & Son, Inc.*, No. 05-1533, 2007 U.S. Dist. WL 4302738, at *1 (N.D. Tex. Dec. 10, 2007); *Montgomery County v. Microvote Corp.*, No. 97-6331, 2004 U.S. Dist. WL 1087196, at *1 (E.D. Pa. May 13, 2004). The Court is granted broad discretion under Federal Rule of Civil Procedure 54(d)(1) to decide whether costs should be awarded to a prevailing party. *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006); *Migis v. Pearl Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998). The prevailing party is "prima facie entitled to costs." *Pacheco*, at 793–94. It is incumbent on the losing party to overcome the presumption of entitlement. *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985). The Court may deny costs for a variety of reasons, including: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; . . . (5) the prevailing party's enormous financial resources;" and (6) the losing party's good faith. *Pacheco*, 448 F.3d at 794; *Wade v. Peterson*, 416 Fed. App'x 354, 356 (5th Cir. 2011). Good faith alone is insufficient. *Pacheco*, 448 F.3d at 795.

The Court denies the taxing of costs against Bell due to her limited financial resources, Hercules' enormous financial resources, and Bell's good faith. Bell is single, suffered breast cancer in the past few years, is supported by social security disability benefits, and has acted in good faith during this litigation. The Court previously

3

concluded she was unable to perform the essential duties of her job with Hercules, even with reasonable accommodations. Hercules is a subsidiary of a subsidiary of Hercules Offshore, Inc., a publicly-traded entity with a market capitalization of $1.19 billion. The financial resources of the parties are incredibly disparate. These circumstances overcome the presumption that Hercules is entitled to costs, and the Court concludes using its broad discretion that each party shall bear its own costs.

Accordingly, Sue Bell's Motion to Review the Assessment of Costs against Plaintiff (Doc. 200) is **GRANTED**.

**IT IS HEREBY ORDERED** that the Clerk of Court's taxation of costs is reversed; each party is to bear its own costs.

Signed in Baton Rouge, Louisiana, on July 16, 2013.

_____
**JAMES J. BRADY, DISTRICT JUDGE**